IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOLANDA ROYAL, an individual, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:22-cv-1304 |
| ) | |
| v. ) | |
| ) | **PLAINTIFF DEMANDS** |
| LG ELECTRONICS U.S.A., INC. a New ) | **TRIAL BY JURY** |
| Jersey corporation; and LG ELECTRONICS, INC., ) | |
| A South Korean corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff above-named, by and through her undersigned counsel, hereby submit the following Complaint and Demand for Jury Trial against the above-named Defendants, and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE ACTION

1. This is a products liability action seeking recovery for personal injuries and damages suffered by **Plaintiff Yolanda Royal** (hereafter referred to as "Plaintiff"), after Plaintiff purchased and used an LG K20 Plus cell phone (hereafter referred to as the "subject cell phone") designed, manufactured, produced, tested, studied, inspected, labeled, marketed, advertised, promoted, distributed and sold by **LG Electronics. Inc.** (hereafter referred to as "Defendant LG Korea") **and LG Electronics U.S.A, Inc.** (hereafter referred to as "Defendant LG U.S.A") (collectively referred to as "LG" or "Defendants").

2. On or about March 16, 2020, the subject cell phone overheated and caught fire while in Plaintiff's pants pocket.

1

3. As a direct and proximate result of the Defendants' collective conduct, the Plaintiff in this case has incurred bodily injuries, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## **PARTIES, JURISDICTION & VENUE**

4. Plaintiff is an adult resident of the City of North Chicago, County of Lake, State of Illinois.

5. LG Korea is incorporated under the laws of South Korea with its principal place of business at LG Twin Towers 20, Yeouido-dong, Yeongdeunspo-gu, Seoul 150-721, South Korea. Upon information and belief, LG Korea. owns and controls, directly and/or indirectly, LG U.S.A.

6. LG Korea is in the business of manufacturing and selling electronic goods, including cellular telephones, tablets, laptops and televisions in all 50 states, including Illinois.

7. In addition, Defendant LG Korea has conducted substantial, ongoing business in this state and has extensive, ongoing, and specific contacts with Illinois that include, but are not limited to, the following:

   a. At all times relevant herein, Defendant LG Korea has had continuing contacts with this District by manufacturing designing, testing, marketing, certifying, supplying, selling, importing and distributing goods, including but not limited to the subject cell phone, with the actual knowledge and/or reasonable expectation that they will be used in this district and which are in fact used, sold, distributed, and retailed in this district;

   b. At all times relevant herein, Defendant LG Korea has had continuing contacts with the State of Illinois by transacting substantial business in this state via manufacturing, designing, testing, marketing, certifying, supplying, selling, importing and distributing goods, including but not limited to the subject cell phone, with the actual knowledge and/or reasonable expectation that they will be used in this state and which are in fact used in this state;

   c. Defendant LG Korea designed, manufactured, sold or otherwise placed into its distribution chain the subject cell phone that caused the injuries at issue in this matter;

   d. Defendant LG Korea has received substantial compensation from the sale of its products in this state, including but not limited to cell phones;

   e. In addition, Defendant LG Korea's contacts with Illinois principally relate to the placement of electronic devices, including cell phones, into the stream of commerce, and all of the conduct associated with placing those products into the stream of commerce in Illinois.

8. At all times relevant herein, Defendant LG Korea has purposefully availed itself of the privilege of conducting business in the State of Illinois and has continuously and systematically caused its products to be sold in the State of Illinois. Defendant LG Korea also caused injury or damage through an act or omission in this State. Therefore, jurisdiction is proper pursuant to 28 U.S.C. § 1332, as well as the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

9. LG U.S.A. is a Delaware corporation having a regular and established place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. Upon information and belief, LG Korea. owns and controls, directly and/or indirectly, LG U.S.A.

10. Defendant LG U.S.A is engaged in the business of supplying, selling and distributing cell phones including, but not limited to, the subject cell phone purchased by Plaintiff.

11. In addition, Defendant LG U.S.A has conducted substantial, ongoing business in this state and has extensive, ongoing, and specific contacts with Illinois that include, but are not limited to, the following:

   a. At all times relevant herein, and upon information and belief, Defendant LG U.S.A has had continuing contacts with this District by selling, importing and distributing goods, including, but not limited, to the Subject cell phone, with the actual knowledge and/or reasonable expectation that they will be used in this District and which are in fact used, sold, distributed, and retailed in this District;

   b. At all times relevant herein, Defendant LG U.S.A has had continuing contacts with the State of Illinois by transacting substantial business in this state via supplying, selling, importing and distributing goods, including, but not limited to, the Subject cell phone, with the actual knowledge and/or reasonable expectation that they will be used in this state and which are in fact used in this state;

  c. Upon information and belief, Defendant LG U.S.A distributed, sold or otherwise placed into its distribution chain the Subject cell phone that caused the injuries at issue in this matter;

  d. Defendant LG U.S.A has received substantial compensation from the sale of its products in this state, including but not limited to cell phones;

  e. In addition, Defendant LG U.S.A's contacts with Illinois principally relate to the placement of electronic devices, including lithium ion batteries, into the stream of commerce, and all of the conduct associated with placing those products into the stream of commerce in Illinois.

12. At all times relevant herein, Defendant LG U.S.A has purposefully availed itself of the privilege of conducting business in the State of Illinois and has continuously and systematically caused its products to be sold in the State of Illinois. Defendant LG U.S.A also caused injury or damage through an act or omission in this State. Therefore, jurisdiction is proper pursuant to 28 U.S.C. § 1332, as well as the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

13. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

15. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants have sufficient minimum contacts with the State of Illinois and intentionally availed themselves of the markets within Illinois through the promotion, sale, marketing and distribution of its products.

**FACTUAL BACKGROUND**

16. Lithium-ion cells are particularly susceptible to the hazard of the1mal runaway (also known as venting with flame) and catastrophic failure resulting in an explosion. This is, in large part, because the materials used in the cells are typically thermally unstable and release oxygen at elevated temperatures, which induces a reaction with the electrolyte medium.

17. Oxygen allows other materials to ignite at a lower temperature, and thus burn hotter and faster. Other factors that influence susceptibility of thermal runaway include the history of the cell, e.g. the number of total discharges and charges, and the load applied to the cell. If a user draws too much power from the cell, the cell may become damaged from over discharge, eventually leading to thermal runaway.

18. Thermal runaway occurs when a lithium-ion cell becomes so hot that it starts to self-generate heat. This happens because the cell can melt around 80°C. Once the separator is compromised, current can run unabated within the cell. This uncontrolled current leads to further heating.

19. As the cell increases in temperature, the electrolyte solution starts to decompose, leading to a high pressure inside the cell, further increasing the temperature. Once a critical temperature is reached, the cathode begins to shed oxygen, making the cell combustible due to the reaction between the electrolyte solution and oxygen.

20. Additionally, the higher the charged voltage of the cell, the lower the onset temperature that is needed for induction of thermal runaway, as thermal runaway and heat effects in lithium-ion cells are sensitive to the level of charge.

21. A well-designed separator is supposed to melt at the point of the internal short circuit, resulting in a shutdown of the cell and prevention of thermal runaway. However, if the separator

is poorly designed or constructed, as it was in this case, it may not shutdown or prevent thermal runaway.

22. Due to defective design of the separator in the subject cell, thermal runaway was not prevented. An additional safety feature for many lithium-ion cells is "cell regulation". Regulated cells are a safety feature where the circuitry within the cell prevents over and under voltage, thereby preventing a short circuit of the cell and reducing or eliminating the risk of thermal runaway and explosion. The subject cell lacked any safety circuitry.

23. Finally, another safety feature is a properly functioning vent. If the cell undergoing thermal runaway has a properly functioning vent, the heat and flames are supposed to rapidly discharge from it. If the cell is not adequately vented or the vent is defective, excessive pressure is built up in the cell during thermal runaway resulting in a potential explosion with projectiles being ejected. However, a properly functioning vent will not prevent injuries to those exposed to the chemicals and heat that are released through the vent.

24. The subject cell phone possessed defects that made it unreasonably dangerous for its intended use by consumers, including the Plaintiff, due to the high degree of risk of the subject cell phone to overheat, catch fire and suddenly and unexpectedly burst into flames or explode.

25. Practical, feasible and safer alternative designs existed that would have prevented or reduced the propensity of the lithium ion battery within the subject cell phone to overheat, catch fire, and suddenly and unexpectedly burst into flames or explode.

26. Had LG properly disclosed and warned of the significant risks of injury caused by the subject cell phone, Plaintiff would not have purchased the subject cell phone.

27. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of the subject cell phone as described above, which has caused the Plaintiff to suffer from bodily injuries, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### FIRST CLAIM FOR RELIEF
### STRICT PRODUCTS LIABILITY

28. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

29. Defendants manufactured, designed, assembled, tested, marketed, sold, supplied and otherwise placed into the stream of commerce the subject cell phone, including lithium ion battery within the subject cell phone, which was designed in a defective condition; defectively manufactured; contained inadequate and incomplete warnings for foreseeable consumers and users; and was otherwise unreasonably dangerous for its intended use by foreseeable consumers, including the Plaintiff.

30. The subject cell phone, including lithium ion battery within the subject cell phone, was unreasonably dangerous in design and manufacture due to the high degree of risk of the subject cell phone to overheat, catch fire and suddenly and unexpectedly burst into flames or explode, as it did in this case. The propensity to catch fire and burst into flames is a product design defect that outweighs the utility or benefit derived from the product.

31. Defendants failed to act reasonably in choosing a design of the subject cell phone that did not prevent the lithium ion battery within the subject cell phone from overheating, catching fire, and suddenly and unexpectedly bursting into flames or exploding during normal and foreseeable conditions.

32. Defendants could have used a more practical, feasible and safer alternative design to prevent or reduce the propensity of the lithium ion battery within the subject cell phone to overheat, catch fire, and suddenly and unexpectedly burst into flames or explode, as it did in this case.

33. At the time the subject cell phone, including lithium ion battery within the subject cell phone, was manufactured by the Defendants, it was defective, unsafe, and unreasonably dangerous for its intended and foreseeable use(s) by consumers, including the Plaintiff, due to these manufacturing defects or omissions by the Defendants.

34. The manufacturing defects of the subject cell phone, including lithium ion battery within the subject cell phone, increased the propensity of the subject cell phone to catch fire or explode, leading to personal injuries like those described herein in this Complaint.

35. Defendants failed to conduct adequate safety testing and inspection of the subject cell phone, including lithium ion battery within the subject cell phone, to determine whether it was safe for ordinary, foreseeable use by consumers, including the Plaintiff.

36. Defendants failed to warn foreseeable users and consumers, including the Plaintiff, of the dangers associated with the subject cell phone, including lithium ion battery within the subject cell phone, to overheat, catch fire and suddenly and unexpectedly burst into flames or explode, as it did in this case.

37. Defendants failed to warn foreseeable users and consumers, including the Plaintiff, of the increased risk of severe injuries associated with the regular, ordinary and foreseeable use of the subject cell phone, including lithium ion battery within the subject cell phone, and was a substantial factor in causing Plaintiff's injuries.

38. The subject cell phone, including lithium ion battery within the subject cell phone, was expected to reach and did reach the intended consumers, including the Plaintiff, without substantial change in the condition in which it was sold.

39. Reasonable consumers, including the Plaintiff, would not have reason to expect that the subject cell phone, including lithium ion battery within the subject cell phone, would suddenly and unexpectedly catch fire or explode; would not be able detect any such defects; and would not have any knowledge as to how to prevent such an explosion or fire from occurring.

40. The Plaintiff did not misuse or materially alter the subject cell phone, including lithium ion battery within the subject cell phone, and are unaware as to how they could have avoided the incident.

41. At the time it was sold, Defendants knew or should have known of the defective condition, characteristics, and risks associated with the subject cell phone, including lithium ion battery within the subject cell phone, to overheat, catch fire and suddenly and unexpectedly burst into flames or explode, as it did in this case.

42. At the time it was sold, Defendants knew or should have known that the explosions and fires caused by lithium ion batteries, such as the one use in the subject cell phone, have the propensity to lead to serious personal injuries like those described herein in this Complaint.

43. The design and manufacturing defects contained within the subject cell phone, including lithium ion battery within the subject cell phone, as well as Defendants inadequate warnings and instructions for the use and the dangerous propensities associated with the subject cell phone, including lithium ion battery within the subject cell phone, were the proximate causes of, directly resulted in, and/or substantially contributed to the injuries sustained by the Plaintiff and their resulting damages, for which the LG Defendants are liable.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE

44. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

45. Defendants had a duty of reasonable care to design, manufacture, market, distribute and sell non-defective cell phones that were reasonably safe for its intended use by the Plaintiff and consumers alike.

46. Defendants failed to exercise the ordinary care required by a reasonably prudent manufacturer/wholesaler/distributor in the manufacture, sale, warning, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its cell phones in that LG Defendants, knew or should have known that the subject battery created a substantial risk of unreasonable harm to the Plaintiff and consumers alike.

47. Defendants were negligent in the designing, manufacturing, advertising, warning, marketing, distributing and selling the subject cell phone in that, among other things, they:

    A. Failed to use due care in the preparation and design of the subject cell phone, including the lithium ion battery within the subject cell phone, to prevent the aforementioned risks to consumers, including the Plaintiff;

    B. Failed to conduct adequate safety testing and inspection of the subject cell phone, including the lithium ion battery within the subject cell phone, if any, to determine whether it was capable of performing its intended use;

    C. Failed to adequately instruct and/or warn the Plaintiff and consumers alike of the potential dangers posed by the subject cell phone, including the lithium ion battery within the subject cell phone.

    D. Failed to cease manufacturing or otherwise alter the design or manufacture of the subject cell phone, including the lithium ion battery within the subject cell phone, to produce a safer alternative, despite the fact that LG Defendants knew or should have known that the aforementioned risks to consumers, including the Plaintiff;

    E. Failed to conduct post-marketing surveillance to determine the safety of the subject cell phone, including the lithium ion battery within the subject cell phone;

    F.    Failed to exercise reasonable care with respect to post-sale warnings and instructions for safe use by consumers, including the Plaintiff;

    G.    Failed to exercise ordinary care in labeling the subject cell phone, including the lithium ion battery within the subject cell phone; and

    H.    Were otherwise careless and negligent.

48. Defendants negligence was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by the Plaintiff and their resulting damages, for which LG Defendants are liable.

### THIRD CLAIM FOR RELIEF
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

49. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

50. Defendants breached the implied warranty of merchantability, as the subject cell phone, including the lithium ion battery within the subject cell phone, was not safe or of merchantable quality due to an unreasonably dangerous propensity to explode. As such, the subject cell phone, including the lithium ion battery within the subject cell phone, was not of the same quality as those other cell phones and accompanying batteries generally acceptable in the trade.

51. Defendants designed, manufactured, marketed, and sold the subject cell phone, including the lithium ion battery within the subject cell phone, with an implied warranty that it was of merchantable quality.

52. The average consumer, including the Plaintiff, would not reasonably anticipate the dangerous and harmful condition of the subject cell phone, including the lithium ion battery within the subject cell phone, or the injuries caused by reasonable and foreseeable use.

53. Members of the consuming public, including the Plaintiff, were the intended third-party beneficiaries of the warranty.

54. Plaintiff relied on Defendants' expertise, knowledge, skill, judgment and implied warranty in choosing to purchase the subject cell phone.

55. Defendants knew or should have known of the dangerous propensities of the subject cell phone, including the lithium ion battery within the subject cell phone, at the time it was sold, including the high degree of risk of the subject cell phone to overheat, catch fire and suddenly and unexpectedly burst into flames or explode, as it did in this case.

56. Defendants breach of the implied warranty of merchantability was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by the Plaintiff and their resulting damages, for which LG Defendants are liable.

### FORUTH CLAIM FOR RELIEF
### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

57. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

58. Defendants breached the implied warranty of fitness for a particular use, as the subject cell phone, including the lithium ion battery within the subject cell phone, was not safe or fit for the particular purpose in which it was intended to be used due to an unreasonably dangerous propensity to explode, even when utilized for its intended use.

59. Defendants designed, manufactured, marketed, and sold the subject cell phone, including the lithium ion battery within the subject cell phone, with an implied warranty that it was fit for the particular purpose of being used a cell.

60. The average consumer, including the Plaintiff, would not reasonably anticipate the dangerous and harmful condition of the subject cell phone, including the lithium ion battery within the subject cell phone, or the injuries caused by reasonable and foreseeable use.

61. Members of the consuming public, including the Plaintiff, were the intended third-party beneficiaries of the warranty.

62. Defendants or should have known of the dangerous propensities of the subject cell phone, including the lithium ion battery within the subject cell phone, at the time it was sold, including the high degree of risk of the subject cell phone to overheat, catch fire and suddenly and unexpectedly burst into flames or explode, as it did in this case.

63. The subject battery was not safe or fit for the particular purpose in which it was intended to be used for.

64. Defendants' breach of implied warranty of fitness for a particular use was the proximate cause of, directly resulted in, and/or substantially contributed to the injuries sustained by the Plaintiff and their resulting damages, for which the LG Defendants are liable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, including punitive damages if applicable, to which he is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

    a. judgment for Plaintiff and against Defendants;

    b. damages to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' cell phone;

    c. pre and post judgment interest at the lawful rate;

    d. a trial by jury on all issues of the case;

e. an award of attorneys' fees; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

Date: March 11, 2022          BY:    /s/ Timothy S. Tomasik
                                     Attorney for Plaintiff

**TOMASIK, KOTIN & KASSERMAN, LLC**
Timothy S. Tomasik
Loren Legorreta
161 N. Clark St., Suite 3050
Chicago, Illinois 60601
(312) 605-8800
tim@tkklaw.com
loren@tkklaw.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN ID #0397289)      *Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
mjohnson@johnsonbecker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com

***Attorneys for Plaintiff***